NO. 07-06-0132-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 24, 2007



______________________________




TIMOTHY B. MIERS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439062; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, on August 20, 2002, Appellant, Timothy B.
Miers, pleaded guilty and was convicted of driving while intoxicated, enhanced by two prior
convictions for the same offense. (1) Punishment was assessed at five years confinement,
suspended in favor of five years community supervision. The State filed its First Amended
Motion to Revoke alleging numerous violations of the terms and conditions of community
supervision, to which Appellant pleaded not true. At a hearing on the State's motion, the
trial court heard testimony from Appellant's community supervision officer that supported
the State's allegations. Appellant testified in his defense; nevertheless, the trial court found
that Appellant failed to (1) complete a court-ordered program, (2) maintain total abstinence
from consumption of alcoholic beverages, and (3) report as required. Appellant's
community supervision was revoked and he was sentenced to four years confinement. In
presenting this appeal, counsel has filed an Anders (2) brief in support of a motion to
withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record and, in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. Counsel has candidly discussed why, under
the controlling authorities, there is no error in the court's judgment. See High v. State, 573
S.W.2d 807, 813 (Tex.Cr.App. 1978). Counsel has also shown that he sent a copy of the
brief to Appellant and informed Appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified Appellant of his right to
review the record and file a pro se response if he desired to do so. The Clerk of this Court
also advised Appellant by letter of his right to file a response to counsel's brief. (3) The State
did not favor us with a brief.

 Counsel presents two arguable grounds for appeal, to-wit: (1) whether the trial court
abused its discretion in revoking community supervision, and (2) whether trial counsel was
ineffective during the punishment phase by not presenting sufficient mitigation evidence. 
Counsel acknowledges that the testimony from Appellant's community supervision officer
supports revocation. See Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980)
(holding that proof of one violation of the conditions of community supervision is sufficient
to support revocation). Additionally, counsel recognizes that a direct appeal is usually an
inadequate vehicle for raising a claim of ineffective assistance of counsel. See Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Trial counsel should ordinarily be
afforded an opportunity to explain his actions before being denounced as ineffective. 
Rylander v. State, 101 S.W.3d 107, 111 (Tex.Crim.App. 2003).

 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Cr.App. 1991). We have found no such grounds. After reviewing the record and
counsel's brief, we agree that the appeal is frivolous. See Bledsoe v. State, 178 S.W.3d
824 (Tex.Cr.App. 2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.

 Patrick A. Pirtle

 Justice

Do not publish.
1. The reporter's record filed on July 12, 2006, was supplemented on November 20,
2006, to include a transcription of the guilty plea hearing held in 2002. However,
voluntariness of a plea from a plea bargained felony conviction is not reviewable on appeal. 
See Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001).
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. This Court's correspondence was returned. According to the Texas Department
of Criminal Justice, Appellant was released on January 4, 2007. Additionally, Appellant's
counsel has no forwarding address for Appellant.



ark List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0091-CV

NO. 07-10-0100-CV

NO. 07-10-0101-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

JANUARY 25, 2011

 

______________________________

 

 

TIMOTHY RAY WILLIAMS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

                                      

_________________________________

 

FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NOS. 18,246-B, 11,592-B, and 18,325-B; HONORABLE JOHN
B. BOARD, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

            On February 25, 2010, in cause numbers 11,592-B (07-10-0100-CV), 18,246-B
(07-10-0091-CV), and 18,325-B (07-10-0101-CV),[1]
the trial court signed and entered documents entitled Order to Withdraw Inmate Funds (Pursuant to TX. GOVT.
Code, Sec. 501.014(e)).[2]    By the withdrawal notifications entered in
each cause, the trial court directed the Texas
Department of Criminal Justice Institutional Division to withhold the amounts
of $671.50 (Cause No. 11,592-B), $13,791.50 (Cause No. 18,246-B), and $1,363.43
(Cause No. 18,325-B) from Appellant's inmate account.[3]  While each withdrawal notification contained
the statement that "court costs, fines, and fees have been incurred as
represented in the certified Bill of Costs/Judgment attached hereto," none
contained an attachment of any kind. 
Furthermore, while the judgment entered in each case provides that the
"State of Texas do have and recover of the said [Appellant] all costs in
this proceeding incurred . . . ," the summary portion of each judgment
leaves costs blank.  Appellant filed pro
se notices of appeal on March 19, 2010, challenging each withdrawal
notification.  

Procedural Background

            By
opinion dated April 22, 2010, this Court concluded that no final, appealable
orders had been entered and found Appellant's notices of appeal to be
premature.  See Williams v. State, 322 S.W.3d 301,
304 (Tex.App.--Amarillo 2010, no pet.).  The appeals were abated for 180 days to allow Appellant an opportunity to challenge
the withdrawals from his inmate account in the trial court and obtain
appealable orders.  Id.  Shorty after releasing
our opinion, Appellant filed a challenge to the withdrawal notification in each
cause.

Trial Court Cause No. 11,592-B

Appellate Court Cause No. 07-10-0100-CV

 

            The Bill of
Costs reflects that Appellant owes $671.50 for costs which includes a $500 fine.  The withdrawal notification likewise reflects
that Appellant owes $671.50 for court costs, fines, and fees.  No costs, however, were assessed for
court-appointed attorney's fees. 
Appellant filed a Motion to
Rescind Order to Withdraw Inmate Funds/For Judgment Nunc
Pro Tunc.   Appellant asserts his case stemmed from a plea
bargain and contests the $500 fine as not being part of the plea bargain.  Following a telephone hearing, the trial court
denied Appellant's challenge to the $671.50 owed per the Bill of Costs.




 

Trial Court Cause No. 18,246-B

Appellate Court
Cause No. 07-10-0091-CV

            The
Bill of Costs reflects Appellant owes $13,791.50, of which $3,500.00 is for
attorney's fees.  The withdrawal
notification likewise reflects that Appellant owes $13,791.50 for court costs,
fines, and fees.  Appellant filed a Motion to Modify and Rescind Order to
Withdraw Inmate Funds.  Asserting due
process violations, he maintains that except for the $10,000 fine assessed
during his sentencing, no other costs were assessed and because no
"fact-specific determination" was made by the trial court that he had
the financial resources to pay, he moved the court to delete $3,500 in
attorney's fees and $291.50 in other fees. 
Following a telephone hearing, the trial court found that Appellant had
no income or any other resources to pay court-appointed attorney's fees.  Based on that finding, the trial court
granted Appellant's motion as it pertained to repayment of court-appointed
attorney's fees in the amount of $3,500, but denied that portion of the motion
as it pertained to "any other amounts contained in the 'Bill of
Costs.'" 

Trial Court Cause No. 18,325-B

Appellate Court Cause No. 07-10-0101-CV

 

 

            The
Bill of Costs reflects that Appellant owes $1,363.43 of which $400 is for
attorney's fees. The withdrawal notification likewise reflects that Appellant
owes $1,363.43 for court costs, fines, and fees.  Appellant filed a Motion to Rescind Order to Withdraw Inmate Funds.  Relying on the Fourteenth Amendment to the
United States Constitution and Article I, Section 19 of the Texas Constitution,
he alleges due process violations in the assessment of costs because he was
unaware, at the time he entered into his plea bargain, of the existence of
those costs.  He also asserts there is no
factual basis illustrating that he is able to pay the costs.  Following a telephone hearing, the trial court
found that Appellant had no income or any other resources to pay
court-appointed attorney's fees.  Based
on that finding, the trial court granted Appellant's motion as it pertained to
repayment of court-appointed attorney's fees in the amount of $400, but denied
that portion of the motion as it pertained to "any other amounts contained
in the 'Bill of Costs.'" 

Appealable Order

In Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme
Court held that a withdrawal notification directing prison officials to
withdraw money from an inmate account pursuant to section 501.014(e) is a civil
matter[4]
akin to a garnishment action or an action to obtain a turnover order.  Id. at 317-19. 
Discussing the due process accorded to the appellant, the Court balanced
the three factors discussed in Mathews v.
Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47
L.Ed.2d 18 (1976), and found that
Harrell had "already received some measure of due process."  Harrell, 286 S.W.3d at 320.  In determining whether Harrell was accorded
constitutional due process, the Court concluded that because Harrell had
received notice of the withdrawal (a copy of the withdrawal notification) and
an opportunity to contest the dollar amount and statutory basis of the withdrawal
(a motion to rescind or modify the withdrawal notification),[5] he received all that due process
required.  Id. at 321.  The Court added that neither notice nor an
opportunity to be heard need occur before the issuance of a withdrawal
notification.  Id.  This Court has
interpreted Harrell as saying that
due process requires that an inmate have an opportunity to contest the dollar
amount and statutory basis of the withdrawal by way of a motion to modify,
correct, or rescind the withdrawal notification.  Snelson v. State,
No. 07-10-00259-CV, 2010 Tex. App. LEXIS 9016, at *5-6 (Tex.App.--Amarillo Nov.
10, 2010, no pet. h.); Bryant v. State,
No. 07-10-00358-CV, 2010 Tex. App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct.
5, 2010, no pet.); Williams v. State, 322 S.W.3d 301 (Tex.App.--Amarillo
2010, no pet.).  The trial court's
disposition of such a motion creates an appealable order.  See
Ramirez v. State, 318 S.W.3d 906, 908
(Tex.App.--Waco 2010, no pet.) (holding that
"only when [the withdrawal notification is] properly challenged and denied
relief is there an order that is final from which the inmate can appeal").


Standard of Review

            We review a trial
court's decision whether to deny a motion contesting a withdrawal notification
under an abuse of discretion standard.  See Canty v. State, No. 12-08-00257-CV, 2009 Tex. App.
LEXIS 2715, at *3-4, (Tex.App.--Tyler April 15, 2009, no pet.) (mem. op., not designated for publication) (holding that a trial court's decision to hold a civil
expunction proceeding is subject to review under an abuse of discretion
standard).  A trial court abuses its
discretion when it acts "without reference to any guiding rules and
principles."  Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31
(Tex. 2010) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)); Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).  Furthermore, a trial court abuses its
discretion if "it reaches a decision so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law."  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

Court Costs

            A certified bill of
costs imposes an obligation upon a criminal defendant to pay court costs,
irrespective of whether or not that bill is incorporated by reference into the
written judgment.  See generally Tex. Code Crim. Proc. Ann. arts. 103.001 and 103.003 (West 2006).  See also
Tex. Gov't Code Ann. §§ 102.001 - 103.033. (West 2006 and Supp. 2010). 
Where court costs are imposed as a matter of legislative directive, they
do not need to be included in the oral pronouncement of sentence or the written
judgment in order to be imposed upon a convicted defendant.  See
Weir v. State, 278 S.W.3d 364,
367 (Tex.Crim.App. 2009) (holding that because legislatively mandated court
costs are not punitive, they did not have to be included in the oral
pronouncement of sentence as a precondition to their inclusion in the trial
court's written judgment); Smith v. State, Nos. 07-09-00009-CR &
07-10-00010-CR, 2010 Tex. App. LEXIS 3846, at *21 (Tex.App.--Amarillo May 20,
2010, pet. ref'd) (mem.
op., not designated for publication) (holding that a precise dollar amount of
court costs did not have to be specified in the oral pronouncement of sentence
or the written judgment as a precondition to their inclusion in the clerk's
bill of costs).  




 

Court-Appointed
Attorney's Fees

            Pursuant to article
26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines
that a defendant has financial resources that enable him to repay, in whole or
in part, the costs of legal services provided by a court-appointed attorney, the
court has authority to order a convicted defendant to pay "as court costs
the amount that it finds the defendant is able to pay."  See Tex. Code Crim. Proc. Ann. art. 26.05(g)
(West Supp. 2010).  Without record
evidence demonstrating a defendant's financial resources to offset the costs of
legal services, a trial court errs if it orders reimbursement of
court-appointed attorney's fees.  Mayer v. State, 309 S.W.3d 552
(Tex.Crim.App. 2010).  Unless a material
change in a criminal defendant's financial resources is established by
competent legal evidence, once that defendant has been found to be indigent, he
is presumed to remain indigent for the remainder of the proceedings.  Tex. Code Crim. Proc. Ann. art. 26.04(p) (West
Supp. 2010); Mayer, 309 S.W.3d at 557.

Analysis

Regarding the $500 fine assessed in cause number 11,592-B,
Appellant argued during the telephone hearing that no fine was discussed as
part of his plea bargain and believed it was a clerical error related to a $50
restitution fee.  He requested a judgment
nunc pro tunc to correct
the alleged error.  Although Appellant
did not have a copy of his signed plea papers, the trial court's file contained
plea papers signed by Appellant and his attorney which clearly indicate a $500
fine as a part of the negotiated plea bargain. Because we do not have a
transcript of the original pronouncement of sentence in cause number 11,592-B,
we make no ruling as to whether the fine was pronounced in Appellant's presence.  Tex. Code Crim. Proc. Ann.
art. 42.02, 42.03(1)(a) (West 2006 & Supp.
2010).  However, we note that a
recitation in the judgment, such as the one here assessing a fine of $500,
creates a binding presumption of regularity, absent direct proof to the
contrary.  See Johnson v. State, 72 S.W.3d 346, 349
(Tex.Crim.App. 2002).  Therefore, we
conclude that the fine was properly collectable.

As set out above, in cause numbers 18,246-B and 18,325-B, the
respective Bills of Costs include $3,500 and $400 in court-appointed attorney's
fees.  At the time of his original
convictions, Appellant was determined to be indigent and qualified for
court-appointed counsel.  During the
telephone hearing on Appellant's challenges to the Bills of Costs, the trial
court inquired into Appellant's financial status and concluded he remained
indigent.  The court deleted the costs
assessed for attorney's fees but denied relief as to all other costs contained
in the Bills of Costs.  

Based on the record before us, the trial court's file
confirmed that Appellant was assessed a $500 fine in trial court cause number
11,592-B and thus, that amount is lawfully contained in the Bill of Costs.  The trial court correctly deleted $3,500 in
attorney's fees from the Bill of Costs in trial court cause
number 18,246-B and $400 in attorney's fees from the Bill of Costs in trial
court cause number 18,325-B.  See Mayer v. State, 309
S.W.3d at 557.  Other costs
complained of by Appellant are legislatively mandated[6] and
do not need to be included in the oral pronouncement of sentence or the written
judgment in order to be imposed upon a convicted defendant.  Weir,
278 S.W.3d at 267. 
Such fees are properly collectable by means of a withdrawal notification
regardless of a defendant's ability to pay. 
Consequently, the trial court's orders entered in response to
Appellant's challenges to the withdrawal notifications are affirmed.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice











[1]In
cause number 11,592-B, Appellant was convicted of burglary of a habitation and
sentenced to eight years confinement and a $500 fine. Tex.
Penal Code Ann. § 30.02 (West 2003).  
Appellant did not appeal this conviction.  In cause number 18,246-B, Appellant was
convicted of possession of a controlled substance, a second degree felony, and
sentenced to twenty years confinement and a $10,000 fine. Tex.
Health & Safety Code Ann. § 481.115(d) (West 2010).  Appellant's conviction was affirmed.  Williams v. State, No. 07-07-0314-CR 2008 Tex.App. LEXIS
5268 (Tex.App.--Amarillo July 16, 2008, pet. ref'd) (mem. op., not designated for publication).  In cause number
18,325-B, Appellant was convicted of possession of a controlled substance, a
second degree felony, enhanced, and sentenced to ten years confinement.  Tex. Health & Safety
Code Ann. § 481.115(d) (West 2010). 
Appellant did not appeal this conviction.

 





[2]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. §
501.014(e) (West Supp. 2010), describes the process as a "notification by
a court" directing prison officials to withdraw sums from an inmate's
account, in accordance with a schedule of priorities set by the statute, for
the payment of "any amount the inmate is ordered to pay by order of the
court."  See id. at § 501.014(e)(1)-(6). 
See also Harrell v. State, 286
S.W.3d 315, 316 n.1 (Tex. 2009).  This document is more akin to a judgment
nisi.  A judgment nisi, commonly used in
bond forfeiture proceedings, is a provisional judgment entered when an accused
fails to appear for trial.  A judgment
nisi triggers the issuance of a capias
and it serves as notice of the institution of a bond forfeiture
proceeding.  It is not final or absolute,
but may become final.  See Safety Nat'l Cas. Corp. v. State, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008).  Nisi means "unless," so a judgment
nisi is valid unless a party takes action causing it to be withdrawn.  Id.  Similarly, a withdrawal notification
issued pursuant to §
501.014(e), triggers a trust fund withdrawal, serves as notice of the
collection proceeding, and continues to operate unless the inmate takes action
causing the notification to be withdrawn. 
Therefore, rather than refer to that document as an order, we prefer to
use the statutory term "withdrawal notification" to avoid confusion
with the underlying court order or judgment ordering the payment of a sum
falling within at least one of the six priority categories listed in § 501.014(e).

 





[3]Formerly
referred to as inmate trust accounts, the term "trust" has been
removed from statutory references.  See Act of May 11, 1989, 71st
Leg., R.S., ch. 212, § 2.01, 1989 Tex. Gen. Laws 918,
958, amended by Act of May 17, 1999,
76th Leg., R.S., ch. 326, §1, 1999 Tex.
Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp.
2010)).  Accordingly, they are simply
inmate accounts.





[4]See Johnson v. Tenth Judicial District Court
of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that
orders directing withdrawal of funds from inmate trust accounts are not a
criminal matter).

 





[5]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2008).





[6]See, e.g., Tex. Alco.
Bev. Code Ann. §
106.12 (West 2007); Tex. Bus. & Com. Code Ann. § 3.506 (West Supp. 2010);
Tex. Bus. Orgs. Code Ann. § 10.365 (West Supp.
2010); Tex. Code Crim. Proc. Ann. arts. 17.42, 17.43, 17.441, 37.073, 42.037,
42.12, 42.22, 45.0216, 45.026, 45.041, 45.051, 45.055, 45.0511(c-1),
45.0511(f)(1 - 2), 45.052, 45.203, 62.353, 102.001 - 102.072, 103.0031 (West
2006 & Supp. 2010); Tex. Educ. Code Ann. §
37.011 (West Supp. 2010); Tex. Fam. Code Ann. §§ 8.262, 8.267, 8.302, 8.303, 45.106, 53.03,
54.032, 54.0411, 54.0461, 54.0462, 54.061, 81.003, 108.006, 110.002, 110.004,
110.005, 158.319, 158.403, 158.503, 160.762, 232.013 (West 2006, 2008 &
Supp. 2010); Tex. Gov't Code Ann. §§
25.0593, 25.0594, 25.1572, 25.2223, 30.00014, 30.00147, 41.258, 51.601, 51.702
- 51,703, 54.313, 54.403, 54.745, 54.663, 54.913, 54.983, 54.954, 54.1116, 76.015,
82.0361, 102.001 - 103.033, 411.081 (West 2005 & Supp. 2010); Tex. Health
& Safety Code Ann. §§
161.255, 469.004, 821.023 (West 2010); Tex. Hum. Res. Code
Ann. § 152.0522
(West 2001); Tex. Local Gov't Code Ann. §§
118.131, 132.002, 132.003, 133.101 - 133.154, 191.007 (West 2008 & Supp.
2010); Tex. Parks and Wild. Code Ann. §§
12.110, 12.308 (West Supp. 2010); Tex. Transp. Code Ann. §§ 284.2031, 521.026,
521.048, 542.403, 542.407, 545.412, 548.605, 601.263, 706.006 (West 1999, 2007
& Supp. 2010) (not intended as an exhaustive list).